## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 03-CR-20087 |
| | ) | |
| **PAUL J. HOUSE, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On May 29, 2007, Defendant, Paul J. House, III, filed a pro se Motion to Waive Interest, Restitution Order (#26). Defendant asked this court to waive the requirement for interest on the restitution ordered on June 4, 2004. Defendant stated that a modification of the court's order "is requested since the Defendant does not have the ability to pay interest" due to his incarceration.

On June 21, 2007, the Government filed a Response to Motion to Waive Restitution Interest (#28). The Government pointed out that, absent a specific statute or rule, a district court lacks jurisdiction to revisit a sentence. See United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). The Government set out the statutory provisions under which a sentence imposing restitution could be corrected, modified or adjusted. The Government argued that none of the grounds for changing a final restitution order are present here. The Government specifically noted that Defendant does not allege a material change of economic circumstances since the restitution order was entered, nor does it appear that any such change has occurred. This court agrees. In Goode, the Seventh Circuit held that there was no basis for disturbing an interest obligation because the district court made no determination at sentencing that the defendant was unable to pay and the defendant made no showing that he had suffered a material change in economic circumstance since that time. Goode, 342 F.3d at 744. The same is true here.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Waive Interest, Restitution Order (#26) is DENIED.

ENTERED this 25th day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE